UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
DWAYNE HARRIS,

         Plaintiff,

    – against –

THE BRONX PARENT HOUSING NETWORK, INC.,

         Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

18 Civ.

**Complaint and Jury Demand**

  Plaintiff, Dwayne Harris ("Plaintiff"), by and through his attorneys, Corey Stark PLLC, complains of the Bronx Parent Housing Network, Inc ("Defendant"), and respectfully sets forth to the Court as follows:

## NATURE OF THE ACTION

  1. This is an action to recover damages for discrimination and harassment on the basis of disability in the terms, conditions, and privileges of employment under the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. Section 12010, *et seq.*, the New York Executive Law Section 290, *et seq.* (the "NYSHRL"), and the Administrative Code of the City of New York Section 8-107, *et seq.* (the "NYCHRL").

## JURISDICTION

  2. The Court has jurisdiction over this action pursuant to 28 U.S.C. Section 1331, 28 U.S.C. Section 1343(4), and 28 U.S.C. Section 1367.

## VENUE

  3. Venue is properly laid in the Southern District of New York, pursuant to 28 U.S.C. Section 1391, because the Southern District of New York is the judicial district

in the state in which the unlawful employment practices are alleged to have been committed.

## PREREQUISITES

4. Plaintiff filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC"), which was accepted for filing and investigation.

5. On November 19, 2018, the EEOC issued a Notice of Right to Sue ("Right-to-sue Letter"), which permitted Plaintiff to file a civil action within ninety (90) days of Plaintiff's receipt of the Right-to-sue Letter.

6. Plaintiff commenced this action within ninety (90) days of his receipt of the Right-to-sue Letter.

7. Before filing the Complaint in this action, Plaintiff caused a copy of it to be served upon the Corporation Counsel of the City of New York.

## PARTIES

8. Plaintiff is male.

9. At all times hereinafter mentioned Plaintiff was and still is a resident of the State of New York and the County of Queens.

10. Plaintiff is a person who has a disability within the meaning of 42 U.S.C. Section 12102(2) in that he has a physical impairment, to wit: he is status post-stroke.

11. Plaintiff is also a person with a disability within the meaning of the NYSHRL Section 292(21) and Article 8-102(16) of the NYCHRL in that the medical condition he suffers from is a physical impairment resulting from anatomical,

physiological, genetic, or neurological conditions which prevent the exercise of normal bodily functions or is demonstrable by medically accepted clinical or laboratory diagnostic techniques as defined therein.

12. At all times material herein, Plaintiff was an "employee" entitled to protection within the meaning of the ADA, the NYSHRL, and the NYCHRL.

13. Upon information and belief, Defendant is a domestic company with its principal office located at 1802 Crotona Avenue, Bronx, New York 10457.

14. At all times relevant herein Defendant has employed over twenty (20) full-time employees and is an "employer" within the meaning of the ADA, the NYSHRL, and the NYCHRL.

15. This action arises out of Defendant's wrongful, illegal, and tortious conduct within the State of New York.

## BACKGROUND AND DISABILITY DISCRIMINATION

16. Defendant is a not-for-profit organization designed to provide preventative social services and housing to single parents, substance abusers, persons with physical and developmental disabilities, the homeless, and persons who have been convicted of crimes.

17. Plaintiff earned a Bachelor of Arts degree in Social Science from the College of New Rochelle.

18. Plaintiff earned a Masters degree in Public Administration, Public Affairs, and Administration from Metropolitan College.

19. Plaintiff completed an eighteen (18) month scholarship program at The College of Technology focusing on substance abuse.

20. Plaintiff has over twenty (20) years of experience in social service.

21. Defendant recruited Plaintiff as an employee.

22. On June 19, 2017, Plaintiff commenced his employment by Defendant with the title or position of Shelter Director.

23. Defendant assigned Plaintiff to manage a facility located at Prospect Avenue, Bronx, New York ("Prospect Housing"), which had a first-floor office, elevator, and parking.

24. In July 2017 Plaintiff suffered a stroke, which required him to take a leave-of-absence.

25. On October 2, 2017, Plaintiff returned to work, with the aid of a walker, and required accommodations.

26. Defendant failed to engage in an individualized interactive process with Plaintiff.

27. To make matters worse, Defendant immediately transferred Plaintiff to manage a facility located at Briggs Avenue, Bronx, New York ("Briggs Housing"), which was a five-story walk-up with a basement office, and no parking.

28. The person who replaced Plaintiff at Prospect Housing was not disabled.

29. In November 2017 Defendant transferred Plaintiff to a facility located on Katona Avenue, Bronx, New York ("Katona Housing), which had an elevator, but Plaintiff was required to manage two sites.

30. Plaintiff performed his services competently, faithfully, and diligently, meeting Defendant's reasonable performance expectations.

31. On March 2, 2018, Defendant notified Plaintiff that he would either have to accept a significant demotion or have his employment involuntarily terminated.

32. Upon information and belief, Defendant's reason for its decision to demote Plaintiff's was motivated by disability discrimination.

33. Plaintiff declined the illegal demotion, and Defendant terminated his employment without notice or cause.

34. Upon information and belief, Defendant replaced Plaintiff with an employee who was not disabled.

35. Upon information and belief, Defendant's reason for its decision to terminate Plaintiff's employment was motivated by disability discrimination.

36. In fact, Defendant's Chief Executive Office has admitted that he terminated Plaintiff's employment because Plaintiff had a stroke and is "handicapped" and "needs to stay at home."

## AS AND FOR A FIRST COUNT

37. Plaintiff repeats and realleges each and every allegation contained in paragraphs of the Complaint numbered "1" through "36" inclusive with the same force and effect as if fully set forth at length herein.

38. Defendant unlawfully discriminated against Plaintiff with respect to the terms and conditions of his employment on the basis of his disabilities and by refusing to grant him a reasonable accommodation. By reason thereof, Defendants violated 42 U.S.C. Section 12010, *et seq*.

39. As a direct and proximate result of Defendant's unlawful discriminatory practices as described herein, Plaintiff was humiliated and embarrassed within the work

5

atmosphere and suffers from physical manifestations, which were brought about by virtue of Defendant's systematic and continuous unlawful harassment and multiple discriminatory practices.

40.   As a direct and proximate result of Defendant's discriminatory practices, Plaintiff has also sustained significant economic damages.

## AS AND FOR A SECOND COUNT

41.   Plaintiff repeats and realleges each and every allegation contained in paragraphs of the Complaint numbered "1" through "36" inclusive with the same force and effect as if fully set forth at length herein.

42.   Defendant unlawfully discriminated against Plaintiff with respect to the terms and conditions of his employment because of his disabilities. By reason thereof, Defendant has violated the NYSHRL.

43.   As a direct and proximate result of Defendant's unlawful discriminatory practices as described herein, Plaintiff was humiliated and embarrassed within the work atmosphere, which was brought about by virtue of Defendant's systematic and continuous unlawful harassment and multiple discriminatory practices and acts.

44.   As a direct and proximate result of Defendant's discriminatory practices, Plaintiff has also sustained significant economic damages.

## AS AND FOR A THIRD COUNT

45.   Plaintiff repeats and realleges each and every allegation contained in paragraphs of the Complaint numbered "1" through "36" inclusive with the same force and effect as if fully set forth at length herein.

46. Defendant unlawfully discriminated against Plaintiff with respect to the terms and conditions of his employment because of his disabilities. By reason thereof, Defendant has violated the NYCHRL.

47. As a direct and proximate result of Defendant's unlawful discriminatory practices as described herein, Plaintiff was humiliated and embarrassed within the work atmosphere, which was brought about by virtue of Defendant's systematic and continuous unlawful harassment and multiple discriminatory practices and acts.

48. As a direct and proximate result of Defendants' discriminatory practices, Plaintiff has also sustained significant economic damages.

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

(a) for all forms of relief recoverable under the statutes sued hereunder including back pay, front pay, and compensatory damages for emotional and physical pain and suffering;

(b) for an award of statutory attorneys' fees;

(c) for punitive damages;

(d) for an award of costs;

(e) together with interest and such further and additional relief as the Court deems just and proper.

COREY STARK PLLC

_____
By: Corey Stark (CS-3897)
*Attorneys for Plaintiff*
110 East 59th Street, 22nd Floor
New York, New York 10022
(212) 324-3705

## JURY DEMAND

Plaintiff demands a trial by jury in this action.

Dated: New York, New York
December 13, 2018

                                  COREY STARK PLLC

                                  By: Corey Stark (CS-3897)
                                  *Attorneys for Plaintiff*
                                  110 East 59th Street, 22nd Floor
                                  New York, New York  10022
                                  (212) 324-3705