# Exhibit B

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
DWAYNE HARRIS,                           :    1:18-cv-11681 (GBD)(SN)
                                         :
                Plaintiff,               :
                                         :    **DEFENDANT'S REVISED**
        -against-                        :    **ANSWERS TO PLAINTIFF'S**
                                         :    **FIRST SET OF INTERROGATORIES**
THE BRONX PARENT HOUSING                 :
NETWORK, INC.                            :
                                         :
                Defendant.               :
---------------------------------------------------------------x
```

Defendant The Bronx Parent Housing Network, Inc. ("Defendant" or "BPHN"), by its attorneys Redmond Law, PLLC, hereby revises BPHN's answers, dated August 8, 2019, and December 11, 2019, to Plaintiff Dwayne Harris's ("Plaintiff" or "Mr. Harris") First Set of Interrogatories ("Interrogatories"), dated April 11, 2019, in accordance with the oral instruction of the Honorable Sarah Netburn, U.S.M.J., and pursuant to Rules 26(e)(1)(a) and 33 of the Federal Rules of Civil Procedure ("Federal Rules") and Local Civil Rule 33.3 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York ("Local Rules"), as follows:

## GENERAL OBJECTIONS AND CONDITIONS

1.     Defendant objects to these Interrogatories to the extent they seek disclosure beyond the scope of discovery permitted by the Federal Rules and the Local Rules.

2.     Defendant objects to these Interrogatories to the extent they seek documents or information that is not relevant to any party's claim or defense in this action.

3.     Defendant objects to these Interrogatories to the extent that they seek documents or information subject to the attorney-client privilege, work product doctrine, or any other privilege, or are otherwise immune from discovery.

4. Defendant objects to these Interrogatories to the extent that they seek documents or information that is publicly available and or is equally accessible or available to Plaintiff.

5. Defendant answers these Interrogatories solely for purposes of this lawsuit.

6. Defendant has exercised due and reasonable diligence in locating documents and information responsive to these Interrogatories, and Defendant's answers represent a good faith effort to identify responsive documents and information.

7. Defendant's investigation is continuing, and discovery may cause Defendant to amend and/or supplement these answers when and if additional documents or information become known to Defendant.

8. By providing these answers, Defendant does not represent that it has identified every witness, document, tangible thing or information possibly relevant to this action.

9. Defendant reserves its rights to object to the production of any disclosure herein or to object to any discovery request or proceeding involving or relating to the subject matter of these disclosures on any grounds, including without limitation competency, privilege, attorney work product, relevancy, materiality, hearsay, confidentiality, undue burden, or any other valid objection.

10. Defendant's answers are not an admission by Defendant regarding any matter.

Subject to the foregoing General Objections and Conditions and all prior objections, Defendant revises its answers to the following Interrogatories *seriatim* below.

## SPECIFIC ANSWERS AND OBJECTIONS

**INTERROGATORY NO. 1**: State the name and title of the person(s) signing the answers to these interrogatories and the name, home address, and title or job description of each person who provided information in response to these interrogatories and/or Plaintiff's First Request for the Production of Documents.

**ANSWER NO. 1**: Defendant objects to Interrogatory No. 1 on the grounds that it

constitutes three (3) interrogatories as it seeks: (i) "the name and title of the person(s) signing the answers;" (ii) "the name, home address, and title or job description of each person who provided information in response to these interrogatories;" and (iii) "Plaintiff's First Request for the Production of Documents." Defendant further objects to this request on the grounds that it is overbroad and calls for the disclosure of personal information irrelevant to any claim or defense in this litigation, namely, a "home address." Notwithstanding, subject to, and without waiving these or the above General Objections and Conditions, Defendant answers: BPHN President & CEO Victor Rivera.

**INTERROGATORY NO. 2**:   Identify all persons who made decisions or participated in the decision-making process concerning the termination of Plaintiff's employment by Bronx Network.

**ANSWER NO. 2**:  Defendant objects to Interrogatory No. 2 on the grounds that it improperly requires the adoption of the disputed assumptions that (a) Defendant terminated Plaintiff; and (b) Defendant knew in advance that Plaintiff would decline Defendant's offer to work as a Quality Assurance Manager. Notwithstanding, subject to, and without waiving these or the above General Objections and Conditions, Defendant answers: Plaintiff was not terminated. BPHN President & CEO Victor Rivera made the decision to offer Plaintiff the Quality Assurance Manger position.

**INTERROGATORY NO. 3**:   Identify each person who was aware, or was notified, that Plaintiff's employment would be terminated by Bronx Network.

**ANSWER NO. 3**:  Defendant objects to Interrogatory No. 3 on the grounds that it improperly requires the adoption of the disputed assumptions that (a) Defendant terminated Plaintiff; and (b) Defendant knew in advance that Plaintiff would decline Defendant's offer to work as a Quality Assurance Manager. Notwithstanding, subject to, and without waiving these or the above General Objections and Conditions, Defendant answers: Plaintiff was

not terminated. BPHN President & CEO Victor Rivera made the decision to offer Plaintiff the Quality Assurance Manger position. BPHN President & CEO Victor Rivera made the decision to offer Plaintiff the Quality Assurance Manger position.

**INTERROGATORY NO. 4**:   Identify each person who participated in the decision to hire Plaintiff.

    **ANSWER NO. 4**: Defendant answers: BPHN President & CEO Victor Rivera.

**INTERROGATORY NO. 5**:   Identify each Replacement.

    **ANSWER NO. 5**: Defendant objects to Interrogatory No. 5 on the grounds that Plaintiff's definition of "Replacement" improperly requires the adoption of the disputed assumption that Defendant terminated Plaintiff and on the grounds that it seeks information irrelevant to any claims or defenses in this litigation as it calls for information concerning employees other than Plaintiff. Notwithstanding, subject to, and without waiving these or the above General Objections and Conditions, Defendant answers: Martin Hughes, Craig Moncho and Chanelle Gallman.

**INTERROGATORY NO. 6**:   Identify each employee Bronx Network terminated during the Relevant Time Period.

    **ANSWER NO. 6**: Defendant objects to Interrogatory No. 6 on the grounds that it is overbroad and vague, seeks disclosure of personal and private information concerning employees other than Plaintiff for a period of time that pre-dates and post-dates Plaintiff's employment with Defendant, and constitutes an overbroad fishing expedition for information not relevant to any claim or defense in this litigation.

**INTERROGATORY NO. 7**:   Identify all documents regarding any communication during the Relevant Time Period that concerned Bronx Network's termination of Plaintiff's employment.

    **ANSWER NO. 7**: Defendant objects to Interrogatory No. 7 on the grounds that it is duplicative of Interrogatory No. 8, overbroad and unduly burdensome, and requires the

adoption of the disputed assumption that Defendant terminated Plaintiff. Notwithstanding, subject to, and without waiving these or the above General Objections and Conditions, Defendant answers: BPHN did not terminate Plaintiff.

**INTERROGATORY NO. 8**:   Identify all documents concerning Bronx Network's termination of Plaintiff's employment.

**ANSWER NO. 8**:  Defendant objects to Interrogatory No. 8 on the grounds that it is duplicative of Interrogatory No. 7, overbroad and unduly burdensome, and requires the adoption of the disputed assumption that Defendant terminated Plaintiff. Notwithstanding, subject to, and without waiving these or the above General Objections and Conditions, Defendant answers: BPHN did not terminate Plaintiff.

**INTERROGATORY NO. 9**:   Identify each complaint issued by Plaintiff during Relevant Time Period.

**ANSWER NO. 9**:  Defendant objects to Interrogatory No. 9 on the grounds that it seeks information that pre-dates and post-dates Plaintiff's employment with Defendant, is not relevant to any claim or defense in this litigation and constitutes an overbroad fishing expedition.  Defendant further objects to Interrogatory No. 9 on the grounds that it requests information in the possession, custody or control of Plaintiff as it seeks "complaint[s] issued by Plaintiff."  Notwithstanding, subject to, and without waiving these or the above General Objections and Conditions, Defendant answers: *see* documents Bates-numbered DEF BPHN 000054-57, 000118-119 and 000137-143.

**INTERROGATORY NO. 10**:   Identify all discrimination and/or retaliation complaints made against Rivera during the Relevant Time Period.

**ANSWER NO. 10**:  Defendant objects to Interrogatory No. 10 on the grounds that it seeks irrelevant information that pre-dates and post-dates Plaintiff's employment with Defendant, private and confidential documents and information concerning employees

5

other than Plaintiff, and concerns non-party Mr. Rivera, irrelevant to any claim or defense in this litigation, constitutes an overbroad fishing expedition, and requires the adoption of the disputed assumption that complaints were made. Further, Defendant objects to this interrogatory as irrelevant, overbroad, and vague because it calls for information concerning "retaliation complaints," which is not related to any claim or defense in this litigation as Plaintiff has not alleged any cause of action concerning any alleged retaliation, nor do any of Plaintiff's allegations concern retaliation. Notwithstanding, subject to, and without waiving these or the above General Objections and Conditions, Defendant answers: no disability discrimination complaints were made against Mr. Rivera during the Relevant Time Period.

**INTERROGATORY NO. 11**: Identify all discrimination and/or retaliation complaints made against Bronx Network during the Relevant Time Period.

**ANSWER NO. 11**: Defendant objects to Interrogatory No. 11 on the grounds that it seeks information that pre-dates and post-dates Plaintiff's employment with Defendant and private and confidential documents and information concerning employees other than Plaintiff, which is irrelevant to any claim or defense in this litigation. Defendant further objects to this interrogatory on the grounds that it constitutes an overbroad fishing expedition and requires the adoption of the disputed assumption that complaints were made against BPHN. Further, Defendant objects to this interrogatory as irrelevant, overbroad, and vague because it calls for information concerning "retaliation complaints," which is not related to any claim or defense in this litigation as Plaintiff has not alleged any cause of action concerning any alleged retaliation, nor do any of Plaintiff's allegations concern retaliation. Notwithstanding, subject to, and without waiving these or the above General Objections and Conditions, Defendant answers: no disability discrimination complaints

were made against BPHN during the Relevant Time Period.

**INTERROGATORY NO. 12**:   Identify all documents concerning any investigation into the complaints identified in response to Interrogatory Nos. 10 or 11 above.

**ANSWER NO. 12**:  Defendant objects to Interrogatory No. 12 on the grounds that it constitutes two (2) interrogatories as it seeks: "documents concerning Interrogatory Nos. 10 and 11." Notwithstanding, subject to, and without waiving these or the above General Objections and Conditions, Defendant answers: no complaints were identified in response to Interrogatory Nos. 10 or 11.

**INTERROGATORY NO. 13**:   Identify all documents concerning the interactive process that Bronx Network engaged in during the Relevant Time Period concerning Plaintiff.

**ANSWER NO. 13**:  Defendant objects to Interrogatory No. 13 to the extent that it seeks information that pre-dates and post-dates Plaintiff's employment with Defendant on the grounds that the sought-after information is not relevant to any claims or defenses in this litigation and constitutes an overly broad fishing expedition. Defendant further objects to Interrogatory No. 13 on the grounds that it is vague and incomprehensible concerning the terminology "the interactive process […] concerning Plaintiff" prior to and after Plaintiff's employment with Defendant. Notwithstanding, subject to, and without waiving these or the above General Objections and Conditions, Defendant answers: *see* documents Bates-numbered DEF BPHN 000008-9, 000021-24, 000063-108, 000114-117, 000132, 000144-237, 000241, 000243-246 and 247-289.

**INTERROGATORY NO. 14**:   Identify the person assigned to manage Prospect Housing immediately after Plaintiff.

**ANSWER NO. 14**:  Defendant objects to Interrogatory No. 14 on the grounds that it seeks information not relevant to any claims or defenses in this litigation as it seeks information concerning employees other than Plaintiff. Defendant refers to its previous answers and

objections, dated August 8, 2019, wherein Defendant answered this Interrogatory. Notwithstanding, subject to, and without waiving these or the above General Objections and Conditions, Defendant answers: Martin Hughes.

**INTERROGATORY NO. 15**: Identify all documents concerning the transfer of Plaintiff from Prospect Housing to Briggs Housing.

**ANSWER NO. 15**: Defendant objects to Interrogatory No. 15 on the grounds that it is vague and overbroad. Notwithstanding, subject to, and without waiving these or the above General Objections and Conditions, Defendant answers: Plaintiff was not transferred from Prospect Housing to Briggs Housing.

**INTERROGATORY NO. 16**: Identify all documents concerning the transfer of Plaintiff from Briggs Housing to Katona (sic) Housing.

**ANSWER NO. 16**: Defendant objects to Interrogatory No. 15 on the grounds that it is vague and overbroad. Notwithstanding, subject to, and without waiving these or the above General Objections and Conditions, Defendant answers: *see*, documents Bates-numbered DEF BPHN 000010, 000014, 000063-66, 000068-92, 000105-108, 000112-113 and 000115.

**INTERROGATORY NO. 17**: Identify all documents concerning Plaintiff's disability and/or leave of absence.

**ANSWER NO. 17**: Defendant objects to Interrogatory No. 17 on the grounds that the sought-after documents and information are within the possession, custody or control of Plaintiff. Notwithstanding, subject to, and without waiving these or the above General Objections and Conditions, Defendant answers: *see*, documents Bates-numbered DEF BPHN 000017-19, 000122-131 and 000241.

**INTERROGATORY NO. 18**: Identify all persons who allegedly complained about Plaintiff's work performance.

**ANSWER NO. 18**: Defendant objects to Interrogatory No. 18 to the extent that the term

8

"allegedly" as used therein is incomprehensible as persons either complained or did not complain about Plaintiff's work performance. Notwithstanding, subject to, and without waiving these or the above General Objections and Conditions, Defendant answers: Plaintiff's former direct supervisor, Deputy Director of Programs Gloria Wallace, BPHN President & CEO Victor Rivera, and NYC Department of Homeless Services Program Administrator Mitzie Agard.

**INTERROGATORY NO. 19**: Identify any documents concerning any complaints about Plaintiff's work performance.

**ANSWER NO. 19**: Notwithstanding, subject to, and without waiving these or the above General Objections and Conditions, Defendant answers: *see* documents Bates-numbered 000008, 000020, 000063-66, 000105-108 and 000240-242.

**INTERROGATORY NO. 20**: Identify all persons Bronx Network offered to demote to avoid terminating them.

**ANSWER NO. 20**: Defendant objects to Interrogatory No. 20 on the grounds that it is incomprehensible, not relevant to any claim or defense in this litigation, irrelevant as it seeks information concerning employees other than Plaintiff, and requires the adoption of the disputed assumption that Defendant offered to demote employees to avoid terminating them, which is improper.

**INTERROGATORY NO. 21**: Identify each person who has knowledge of the facts concerning Plaintiff's claims or Defendant's defenses.

**ANSWER NO. 21**: Defendant objects to Interrogatory No. 21 on the grounds that it seeks information in the possession, custody or control of Plaintiff as it seeks information concerning persons who allegedly have knowledge of Plaintiff's claims, violates Local Rule 33.3 and is premature. Notwithstanding, subject to, and without waiving these or the above General Objections and Conditions, Defendant answers: Plaintiff Dwayne Harris,

Plaintiff's former direct supervisor, Deputy Director of Programs Gloria Wallace, BPHN President & CEO Victor Rivera.

**INTERROGATORY NO. 22**:   Identify all statements obtained by Defendant or on Defendant's behalf concerning either Plaintiff's employment by Bronx Network, the allegations in the Complaint, or Defendant's defenses to the Complaint.

**ANSWER NO. 22**:  Defendant objects to Interrogatory No. 22 on the grounds that it constitutes three (3) interrogatories as it seeks "all statements […] concerning:" (i) "Plaintiff's employment;" (ii) "the allegations in the Complaint;" and (iii) "Defendant's defenses." Notwithstanding, subject to, and without waiving these or the above General Objections and Conditions, Defendant answers: *see* documents Bates-numbered DEF BPHN 000008, 000020, 000063-66 and 000105-108.

Dated:  New York, New York
        December 18, 2019

>                                Redmond Law, PLLC,
>
>                                _____
>                                Michelle Callner (MC1525)
>                                Redmond Law, PLLC
>                                80 Broad Street, Suite 1202
>                                New York, NY 10004
>                                (212) 799-8989
>                                *Attorneys for Defendant*

10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
DWAYNE HARRIS,                                   :      1:18-cv-11681 (GBD)
                                                 :
                    Plaintiff,                   :
                                                 :      **VERIFICATION**
        -against-                                :
                                                 :
THE BRONX PARENT HOUSING                         :
NETWORK, INC.                                    :
                                                 :
                    Defendant.                   :
-------------------------------------------------------------x

I, Victor Rivera, declare pursuant to 28 U.S.C. §1746 under penalty of perjury:

1. I am the President & CEO of The Bronx Parent Housing Network, Inc.

2. I have reviewed Defendant's Revised Answers to Plaintiff's First Set of Interrogatories and know the contents thereof, and that the same are true and correct to the best of my knowledge, information and belief.

3. The source of my information and belief is my own personal knowledge plus the inspection of documents and conversations with others.

*[signature]*
Victor Rivera, President & CEO of
The Bronx Parent Housing Network, Inc.

Sworn to before me this  18  day
of December 2019

*[signature]*
Notary Public

**MARIA C. ROBLES**
**Notary Public, State of New York**
**No. 01RO6379438**
**Qualified in Bronx County**
**Commission Expires August 13, 20__22__**

11

## CERTIFICATE OF SERVICE

I, Michelle Callner, hereby certify that I electronically served Defendant's Revised Answers to Plaintiff's First Set of Interrogatories by electronic mail to plaintiff Dwayne Harris's attorneys to the following email address pursuant to Rule 5(b) of the Federal Rules of Civil Procedure:

>Corey Stark
>Corey Stark, PLLC
>110 East 59th Street, 22nd floor
>New York, New York 10022
>corey@cstarklaw.com
>*Attorneys for Plaintiff*

This 18th day of December 2019.

_____
Michelle Callner (MC 1525)