# Exhibit D

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
DWAYNE HARRIS,                              :       1:18-cv-11681 (GBD)(SN)
                                            :
       Plaintiff,                           :
                                            :       **DEFENDANT'S REVISED**
  -against-                                :       **RESPONSES TO PLAINTIFF'S**
                                            :       **FIRST REQUEST FOR THE**
THE BRONX PARENT HOUSING                    :       **PRODUCTION OF DOCUMENTS**
NETWORK, INC.                               :
                                            :
       Defendant.                           :
-----------------------------------------------------------------x

        Defendant The Bronx Parent Housing Network, Inc. ("Defendant" or "BPHN"), by its attorneys Redmond Law, PLLC, hereby revises BPHN's responses, dated August 8, 2019, and December 3, 2019, to Plaintiff Dwayne Harris's ("Plaintiff" or "Mr. Harris") First Request for the Production of Documents ("Document Requests"), dated April 11, 2019, in accordance with the oral instruction of the Honorable Sarah Netuburn, U.S.M.J., and pursuant to Rules 26(e)(1)(a) and 34 of the Federal Rules of Civil Procedure ("Federal Rules") and the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York ("Local Rules"), as follows:

## **GENERAL OBJECTIONS AND CONDITIONS**

        1.    Defendant objects to these Document Requests to the extent they seek disclosure beyond the scope of discovery permitted by the Federal Rules and the Local Rules.

        2.    Defendant objects to these Document Requests to the extent they seek documents or information that is not relevant to any party's claim or defense in this action.

        3.    Defendant objects to these Document Requests to the extent that they seek documents or information subject to the attorney-client privilege, work product doctrine, or any other privilege, or are otherwise immune from discovery.

4. Defendant objects to these Document Requests to the extent that they seek documents or information that is publicly available and or is equally accessible or available to Plaintiff.

5. Defendant responds to these Document Requests solely for purposes of this lawsuit.

6. Defendant has exercised due and reasonable diligence in locating documents and information responsive to these Document Requests, and Defendant's responses represent a good faith effort to identify responsive documents and information.

7. Defendant's investigation is continuing, and discovery may cause Defendant to amend and/or supplement these responses when and if additional documents or information become known to Defendant.

8. By providing these responses, Defendant does not represent that it has identified every witness, document, tangible thing or information possibly relevant to this action.

9. Defendant reserves its rights to object to the production of any disclosure herein or to object to any discovery request or proceeding involving or relating to the subject matter of these disclosures on any grounds, including without limitation competency, privilege, attorney work product, relevancy, materiality, hearsay, confidentiality, undue burden, or any other valid objection.

10. Defendant's responses are not an admission by Defendant regarding any matter.

Subject to the foregoing General Objections and Conditions and all prior objections, Defendant revises its responses to the following Document Requests *seriatim* below.

# SPECIFIC RESPONSES AND OBJECTIONS

**DOCUMENT REQUEST NO. 1**: A copy of all Documents identified in response to Plaintiff's First Set of Interrogatories.

**RESPONSE NO. 1**: Subject to, and without waiving the above General Objections and Conditions, Defendant states: *see*, documents Bates-numbered DEF BPHN 000001-409.

**DOCUMENT REQUEST NO. 2**: A complete copy of Plaintiff's personnel file.

**RESPONSE NO. 2**: Subject to, and without waiving the above General Objections and Conditions, Defendant states: *see*, documents Bates-numbered DEF BPHN 000001-237, 000243-246 and 000315.

**DOCUMENT REQUEST NO. 3**: All appraisals or assessments of Plaintiff's work performance.

**RESPONSE NO. 3**: Defendant objects to Document Request No. 3 on the grounds that it is duplicative of Nos. 4, 19 and 21. Notwithstanding, subject to, and without waiving these and the above General Objections and Conditions, Defendant states: *see*, documents Bates-numbered DEF BPHN 000008, 000020, 000063-66, 000105-108 and 000240-242.

**DOCUMENT REQUEST NO. 4**: All draft appraisals or assessments of Plaintiff's work performance.

**RESPONSE NO. 4**: Defendant objects to Document Request No. 4 on the grounds that it is duplicative of Nos. 3, 19 and 21. Notwithstanding, subject to, and without waiving these and the above General Objections and Conditions, Defendant states: *see*, documents Bates-numbered DEF BPHN 000008, 000020, 000063-66, 000105-108 and 000240-242.

**DOCUMENT REQUEST NO. 5**: All commendations concerning Plaintiff's work performance.

**RESPONSE NO. 5**: Subject to, and without waiving the above General Objections and Conditions, Defendant states: no responsive documents exist.

**DOCUMENT REQUEST NO. 6**:   A copy of each acknowledgement form that Plaintiff signed concerning the receipt of an employee handbook.

> **RESPONSE NO. 6**:  Subject to, and without waiving the above General Objections and Conditions, Defendant states: *see*, documents Bates-numbered DEF BPHN 000234-237 and 000243-246.

**DOCUMENT REQUEST NO. 7**:   A copy of Bronx Network's written policy regarding employment discrimination, harassment, and any internal audits, rules, procedures, memoranda, or other Documents relating to such policy or the implementation thereof.

> **RESPONSE NO. 7**:  Defendant objects to Document Request No. 7 on the grounds that it is vague, seeks documents and information concerning employees other than Mr. Harris, constitutes and overbroad fishing expedition and is irrelevant to any claim or defense in this litigation. Notwithstanding, subject to, and without waiving these and the above General Objections and Conditions, Defendant states: *see*, documents Bates-numbered DEF BPHN 000001-338, 000144-237 and 000243-289.

**DOCUMENT REQUEST NO. 8**:   All Documents concerning any discrimination / harassment / diversity training that Rivera received within the last five (5) years.

> **RESPONSE NO. 8**: Defendant objects to Document Request No. 8 on the grounds that it is duplicative of No. 9, seeks documents and information concerning non-party Victor Rivera, is irrelevant to any claim or defense in this litigation as it calls for the production of documents that pre-date and post-date Plaintiff's employment with Defendant and constitutes and overbroad fishing expedition. Notwithstanding, subject to, and without waiving these and the above General Objections and Conditions, Defendant states: *see*, documents Bates-numbered DEF BPHN 000144-237, 000243-289 and 000315-316.

**DOCUMENT REQUEST NO. 9**:   All Documents concerning any discrimination / harassment / diversity training that BPHN provided to any of its employees within the last five (5) years.

> **RESPONSE NO. 9**:  Defendant objects to Document Request No. 9 on the grounds that it

is duplicative of No. 8, seeks documents and information concerning non-party employees, is irrelevant to any claim or defense in this litigation as it calls for the production of documents that pre-date and post-date Plaintiff's employment with Defendant and constitutes and overbroad fishing expedition. Notwithstanding, subject to, and without waiving these and the above General Objections and Conditions, Defendant states: *see*, documents Bates-numbered DEF BPHN 000144-237, 000243-289, 000314-316 and 000338.

**DOCUMENT REQUEST NO. 10**: All Documents that concern any conversations, meetings, or communications by or between Defendant or any other person, including former employees, regarding any matter alleged in the Complaint.

> **RESPONSE NO. 10**: Defendant objects to Document Request No. 10 on the grounds that it is overbroad, vague and may be interpreted to call of the production of documents or information protected by the attorney-client privilege or attorney work product doctrine. Notwithstanding, subject to, and without waiving these and the above General Objections and Conditions, Defendant states: *see*, documents Bates-numbered DEF BPHN 000063-100 and 000105-108.

**DOCUMENT REQUEST NO. 11**: All Documents that refer to, relate to, or concern Plaintiff's job duties and responsibilities during his employment by Bronx Network.

> **RESPONSE NO. 11**: Defendant objects to Document Request No. 11 on the grounds that it is duplicative of Nos. 3, 4, 19 and 21. Notwithstanding, subject to, and without waiving these and the above General Objections and Conditions, Defendant states: *see*, documents Bates-numbered DEF BPHN 000008, 000020, 000063-66, 000105-108, 000144-237, 000240-242, 000247-296, 000298 and 000300-314.

**DOCUMENT REQUEST NO. 12**: All Documents concerning Plaintiff's hiring, employment, and/or training.

>**RESPONSE NO. 12**: Defendant objects to Document Request No. 12 on the grounds that the sought-after documents and information are in the possession, custody or control of Plaintiff and is duplicative of No 2. Notwithstanding, subject to, and without waiving these and the above General Objections and Conditions, Defendant states: *see*, documents Bates-numbered DEF BPHN 000001-338.

**DOCUMENT REQUEST NO. 13**: All payroll records concerning Plaintiff.

>**RESPONSE NO. 13**: Defendant objects to Document Request No. 13 on the ground that the sought-after documents and information are in the possession, custody or control of Plaintiff. Notwithstanding, subject to, and without waiving these and the above General Objections and Conditions, Defendant states: *see*, documents Bates-numbered DEF BPHN 000317-337.

**DOCUMENT REQUEST NO. 14**: Each organizational chart, diagram, drawing, or any other Document(s) showing the organizational structure of Bronx Network during the Relevant Time Period.

>**RESPONSE NO. 14**: Defendant objects to Document Request No. 14 on the grounds that the "organizational structure" of BPHN is overbroad, vague, irrelevant to any claim or defense in this litigation and seeks documents and information that pre-date and post-date Plaintiff's employment with Defendant. Notwithstanding, subject to, and without waiving these and the above General Objections and Conditions, Defendant states: *see*, documents Bates-numbered DEF BPHN 000144-233, 000255 and 000247-289.

**DOCUMENT REQUEST NO. 15**: Each Document that concerns any written or oral discrimination complaints made by Plaintiff or on Plaintiff's behalf.

>**RESPONSE NO. 15**: Defendant objects to Document Request No. 15 on the grounds that

it seeks documents and information in the possession, custody or control of Plaintiff. Notwithstanding, subject to, and without waiving these and the above General Objections and Conditions, Defendant states: *see*, documents Bates-numbered DEF BPHN 000054-57, 000118-119 and 000137-143.

**DOCUMENT REQUEST NO. 16**: All incident reports concerning Plaintiff.

**RESPONSE NO. 16**: Defendant objects to Document Request No. 16 on the grounds that it is vague, ambiguous, overbroad and the term "incident" is undefined making it unduly burdensome to determine what documents are sought by Plaintiff.

**DOCUMENT REQUEST NO. 17**: Each Document that concerns any Discipline imposed upon Plaintiff.

**RESPONSE NO. 17**: Defendant objects to Document Request No. 17 on the ground that it is unduly burdensome, the definition of the term "Discipline" as "counseling, warning, critique, suspension, termination, or punishment in any form" is overbroad, vague and contradictory and it is duplicative of Nos. 3, 4, 12, 15, 19 and 21. Notwithstanding, subject to, and without waiving these and the above General Objections and Conditions, Defendant states: *see*, documents Bates-numbered DEF BPHN 000008, 000020, 000063-66, 000105-108 and 000240-242.

**DOCUMENT REQUEST NO. 18**: Lists or rosters of all employees employed by Bronx Network during the Relevant Time Period.

**RESPONSE NO. 18**: Defendant objects to Document Request No. 18 on the grounds that it seeks documents and information irrelevant to any claim or defense in this litigation, is unduly burdensome as it calls for the production of documents that pre-date and post-date Plaintiff's employment with Defendant and constitutes an overbroad fishing.

**DOCUMENT REQUEST NO. 19**: A copy of all communications with or about Plaintiff that concern Plaintiff's work performance.

> **RESPONSE NO. 19**: Defendant objects to Document Request No. 19 on the grounds that it is duplicative of Nos. 3, 4, and 21 and is overbroad as it seeks "all communications." Notwithstanding, subject to, and without waiving these and the above General Objections and Conditions, Defendant states: *see*, documents Bates-numbered DEF BPHN 000008, 000020, 000063-66, 000105-108 and 000240-242.

**DOCUMENT REQUEST NO. 20**: All Documents concerning the interactive process that Bronx Network engaged in during the Relevant Time Period concerning Plaintiff.

> **RESPONSE NO. 20**: Defendant objects to Document Request No. 20 on the grounds that it is incomprehensible and vague and is overbroad as it seeks "All Documents." Notwithstanding, subject to, and without waiving these and the above General Objections and Conditions, Defendant states: *see*, documents Bates-numbered DEF BPHN 000008-9, 000021-24, 000063-108, 000114-117, 000132, 000144-237, 000241, 000243-246 and 000247-289.

**DOCUMENT REQUEST NO. 21**: All Documents concerning any complaints about Plaintiff's work performance.

> **RESPONSE NO. 21**: Defendant objects to Document Request No. 21 on the grounds that it is duplicative of Nos. 3, 4, and 19 and is overbroad as it seeks "All Documents." Notwithstanding, subject to, and without waiving these and the above General Objections and Conditions, Defendant states: *see*, documents Bates-numbered DEF BPHN 000008, 000020, 000063-66, 000105-108 and 000240-242.

**DOCUMENT REQUEST NO. 22**: The personnel file of each Replacement.

> **RESPONSE NO. 22**: Defendant objects to Document Request No. 22 on the grounds that Plaintiff has not provided the relevancy of personnel files of non-party employees that

worked at jobsites following Plaintiff. Defendant further objects on the grounds that it is vague, overbroad and not relevant to any claim or defense in this litigation, constitutes a fishing expedition and calls for the production of documents and information of a private and confidential nature concerning employees other than Plaintiff. Notwithstanding, subject to, and without waiving these and the above General Objections and Conditions, Defendant states: it is in the process of compiling, reviewing and redacting private information from these files and will produce them upon completion.

**DOCUMENT REQUEST NO. 23**: All Documents concerning the transfer of Plaintiff from Prospect Housing to Briggs Housing.

    **RESPONSE NO. 23**: Defendant objects to Document Request No. 23 on the grounds that it is vague and overbroad as it seeks "All Documents." Notwithstanding, subject to, and without waiving these and the above General Objections and Conditions, Defendant states: Plaintiff was not transferred from Prospect Housing to Briggs Housing.

**DOCUMENT REQUEST NO. 24**: All Documents concerning the transfer of Plaintiff from Briggs Housing to Katona (sic) Housing.

    **RESPONSE NO. 24**: Defendant objects to Document Request No. 24 on the grounds that it is vague and overbroad as it seeks "All Documents." Notwithstanding, subject to, and without waiving these and the above General Objections and Conditions, Defendant states: *see*, documents Bates-numbered DEF BPHN 000010, 000014, 000063-66, 000068-92, 000105-108, 000112-113 and 000115.

**DOCUMENT REQUEST NO. 25**: All Documents concerning Plaintiff's disability and/or leave of absence.

    **RESPONSE NO. 25**: Defendant objects to Document Request No. 25 on the grounds that it is vague and overbroad as it seeks "All Documents" and calls for the production of documents and information in the possession, custody or control of Plaintiff.

Notwithstanding, subject to, and without waiving these and the above General Objections and Conditions, Defendant states: *see*, documents Bates-numbered DEF BPHN 000017-19, 000063-108, 000112-131 and 000241.

**DOCUMENT REQUEST NO. 26**: Any and all Documents filed by Bronx Network, or by Bronx Network's agents, representatives, or attorneys, in any judicial or administrative proceeding relating to Plaintiff's employment.

> **RESPONSE NO. 26**: Defendant objects to Document Request No. 26 on the grounds that it is vague and overbroad as it seeks "Any and all Documents" and calls for the production of documents and information in the possession, custody or control of Plaintiff and that are public records. Notwithstanding, subject to, and without waiving these and the above General Objections and Conditions, Defendant states: *see*, documents Bates-numbered DEF BPHN 000063-108 and 000121.

**DOCUMENT REQUEST NO. 27**: All Documents concerning age discrimination, harassment, or retaliation complaints or charges, whether formal or informal, made by any person against Rivera and/or Bronx Network during the Relevant Time Period.

> **RESPONSE NO. 27**: Defendant objects to Document Request No. 27 on the grounds that it is vague, overbroad and constitutes an unduly burdensome fishing expeditions as it seeks "All Documents," which are irrelevant to any claim or defense in this litigation as Plaintiff has not alleged "age discrimination, harassment, or retaliation."

**DOCUMENT REQUEST NO. 28**: All Documents relating to any litigation – pending, threatened, or completed – concerning discrimination and/or retaliation raised by any person against either Rivera and/or Bronx Network during the Relevant Time Period.

> **RESPONSE NO. 28**: Defendant objects to Document Request No. 28 on the grounds that it is vague, overbroad and constitutes an unduly burdensome fishing expeditions as it seeks "All Documents," which are irrelevant to any claim or defense in this litigation as Plaintiff has not alleged "retaliation." Notwithstanding, subject to, and without waiving these and

the above General Objections and Conditions, Defendant states: to the extent Plaintiff seeks documents concerning disability discrimination, no disability discrimination complaints were made against either BPHN or Mr. Rivera during the Relevant Time Period.

**DOCUMENT REQUEST NO. 29**: All Documents relating to any litigation – pending, threatened, or completed – concerning discrimination and/or retaliation raised by any person against Rivera and/or Bronx Network.

> **RESPONSE NO. 29**: Defendant objects to Document Request No. 29 on the grounds that it is duplicative of No. 28, vague, overbroad and constitutes an unduly burdensome fishing expeditions as it seeks "All Documents" for an indefinite period of time, which are irrelevant to any claim or defense in this litigation as Plaintiff has not alleged "retaliation." Notwithstanding, subject to, and without waiving these and the above General Objections and Conditions, Defendant states: to the extent Plaintiff seeks documents concerning disability discrimination, no disability discrimination complaints were made against either BPHN or Mr. Rivera during the Relevant Time Period.

**DOCUMENT REQUEST NO. 30**: Any and all documents in the possession, custody, or control of Defendant that are relevant to facts, allegations, conversations, or transactions referred to or alleged in Plaintiff's Complaint or Bronx Network's Answer.

> **RESPONSE NO. 30**: Defendant objects to Document Request No. 30 on the grounds that it is vague, overbroad as it seeks "Any and all Documents," constitutes an unduly burdensome fishing expedition as it appears to be a catch-all document request and calls for the production of documents and information of counsel's impressions which is protected by the attorney-client privilege and attorney work product doctrine.

**DOCUMENT REQUEST NO. 31**: All Documents sufficient to show the cost of providing benefits to Plaintiff during the Relevant Time Period.

> **RESPONSE NO. 31**: Defendant objects to Document Request No. 31 on the grounds that it is overbroad as it seeks "All Documents" and is duplicative of No. 13. Notwithstanding,

11

subject to, and without waiving these and the above General Objections and Conditions, Defendant states: *see*, documents Bates-numbered DEF BPHN 000317-337.

**DOCUMENT REQUEST NO. 32**: Insurance policies that Defendant may have covering liability for any claims of employment discrimination including those in the above-captioned action.

> **RESPONSE NO. 32**: Defendant objects to Document Request No. 31 on the grounds that it is overbroad and unduly burdensome as it seeks insurance policies "covering liability for any claims" for an indefinite period of time and is irrelevant to any claim or defense in this litigation. Notwithstanding, subject to, and without waiving these and the above General Objections and Conditions, Defendant states: *see*, documents Bates-numbered DEF BPHN 000339-409.

**DOCUMENT REQUEST NO. 33**: All Documents concerning Plaintiff's time worked and attendance, including all sick days, vacation days, leaves of absence, and other days not worked.

> **RESPONSE NO. 33**: Defendant objects to Document Request No. 33 on the grounds that it is overbroad as it seeks "All Documents" and is duplicative of No. 25, the sought-after documents are within the possession, custody or control of Plaintiff and are irrelevant and vague. Notwithstanding, subject to, and without waiving these and the above General Objections and Conditions, Defendant states: *see*, documents Bates-numbered DEF BPHN 000017-19, 000063-108, 000112-131 and 000241.

**DOCUMENT REQUEST NO. 34**: A copy of any Document that Bronx Network expects to use in defense against Plaintiff's claims.

> **RESPONSE NO. 34**: Defendant objects to Document Request No. 34 on the grounds that it is premature, seeks documents subject to attorney work product, solely for impeachment purposes and it appears to be a catch-all document request making it an overbroad fishing expedition. Notwithstanding, subject to, and without waiving these and the above General

Objections and Conditions, Defendant states: Plaintiff will receive Defendant's trial exhibits as directed by the Court.

Dated: New York, New York
December 18, 2019

_____
Michelle Callner, Esq. (MC1525)
Redmond Law PLLC
80 Broad Street, Ste. 1202
New York, New York 10004
(212) 799-8989
*Attorneys for Defendant*

To: Corey Stark
Corey Stark, PLLC
110 East 59th Street, 22nd floor
New York, New York 10022
(212) 324-3705
corey@cstarklaw.com
*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I, Michelle Callner, hereby certify that I electronically served Defendant's Revised Responses to Plaintiff's First Request for the Production of Documents by electronic mail to plaintiff Dwayne Harris's attorneys to the following email address pursuant to Rule 5(b) of the Federal Rules of Civil Procedure:

>Corey Stark
>Corey Stark, PLLC
>110 East 59th Street, 22nd floor
>New York, New York 10022
>corey@cstarklaw.com
>*Attorneys for Plaintiff*

This 18th day of December 2019.

_____
Michelle Callner (MC 1525)