UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

DWAYNE HARRIS,

                               Plaintiff,

        -against-

THE BRONX PARENT HOUSING NETWORK, INC.,

                              Defendant.

-----------------------------------------------------------------X

18-CV-11681 (GBD)(SN)

ORDER

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/14/2020

**SARAH NETBURN, United States Magistrate Judge:**

      Plaintiff Dwayne Harris ("Plaintiff") alleges defendant The Bronx Parent Housing Network, Inc. ("Defendant") wrongfully terminated his employment based on his disability. Before the Court are several motions. Defendant seeks a protective order in response to Plaintiff's request for documents related to retaliation claims filed against Defendant. ECF No. 33. Plaintiff moves "to compel Defendant to comply with its discovery obligations." ECF No. 35. Specifically, Plaintiff maintains that Defendant failed to respond fully to four interrogatories and seven requests for documents and moves the Court to compel responses. For the reasons that follow, Defendant's motion for a protective order is GRANTED in part and DENIED in part and Plaintiff's motion to compel is GRANTED in part and DENIED in part.

### BACKGROUND

      Plaintiff filed his complaint on December 13, 2018, seeking damages under the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12010, *et seq.* (the "ADA"), the New York Executive Law §§ 290, *et seq.* (the "NYSHRL"), and the Administrative Code of the City of New York §§ 8-107, *et seq.* (the "NYCHRL") for discrimination and harassment on the basis

of his disability. He alleges that after suffering a stroke in July 2017, his then-employer, Defendant, refused to engage in an individualized interactive process or to accommodate him as required by law. Plaintiff also alleges that eventually, despite his continued satisfactory performance, Defendant notified Plaintiff that he would either have to accept a significant demotion or be fired. Plaintiff claims that he declined a demotion and that Defendant then terminated his employment. Discovery in this case in still ongoing.

## DISCUSSION

### I. Governing Legal Principles

Rule 26(b)(1) recognizes that a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." See Fed. R. Civ. P. 26(b)(1); see also Rule 26 Advisory Committee Notes to 2015 Amendments; Edebali v. Bankers Standard Ins. Co., 14-cv-7095 (JSA)(KT), 2016 WL 4621077, at *1 (E.D.N.Y. Sept. 6, 2016). Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. Id. If the responding party fails to produce documents, the party seeking discovery may move for an order compelling an answer, designation, production, or inspection. Fed. R. Civ. P. 37(a)(3)(B). Motions to compel made pursuant to Rule 37 are "entrusted to the sound discretion of the district court." United States v. Sanders, 211 F.3d 711, 720 (2d Cir. 2000).

#### A. Interrogatories

Rule 33 provides that a "party may serve on any other party no more than 25 written interrogatories, including all discrete subparts." Fed. R. Civ. P. 33(a)(1). Interrogatories "may relate to any matter that may be inquired into under Rule 26(b) . . . [and] [are] not objectionable merely because [they] asks for an opinion or contention that relates to fact or the

application of law to fact . . ..” Fed. R. Civ. P. 33(a)(2). The responding party is required to answer each interrogatory "separately and fully under oath." Fed. R. Civ. P. 33(b)(3). The Rule explicitly requires the responding party to "provide the best answer they can based upon information within their possession." Edebali, 2016 WL 4621077, at *2.

In order to ensure that each interrogatory is answered "separately" and "fully" under Rule 33(b)(3), the responding party is required "to make an inquiry and obtain information to answer the interrogatories which would include obtaining the information to fully and completely answer the interrogatories. . ..” Upstate Shredding, LLC v. Ne. Ferrous, Inc., 3:12-cv-1015, 2016 WL 865299 (LEK)(DEP), at *8 (N.D.N.Y. Mar. 2, 2016); see Zanowic v. Reno, 97-cv-5292, 2000 WL 1376251 (JGK)(HBP), at *3 n.1 (S.D.N.Y. Sept. 25, 2000) ("In responding to interrogatories . . . a party is under a duty to make a reasonable inquiry concerning the information sought in the interrogatories, and a party's failure to describe his efforts to obtain the information sought . . . renders his responses insufficient."). Where a party, despite conducting a diligent inquiry, is nevertheless unable to provide a responsive answer, any efforts utilized should be set forth in detail to ensure a sufficient response is interposed. See Edebali, 2016 WL 4621077, at *2. Further, "an answer to an interrogatory must be completed within itself and, it should be in a form that may be used at trial ... [Therefore] [r]eference to depositions, other answers to the interrogatories, other document production, the complaint itself, or any other documents are improper and thus unresponsive." Id.

**B. Requests for Production**

"A party may serve on any other party a request within the scope of Rule 26(b)" to produce any designated documents or permit their inspection. Fed. R. Civ. P. 34(a). "For each item or category, the response must either state that inspection and related activities will be

permitted as requested or state an objection to the request, including the reasons." Fed. R. Civ. P. 34. If the responding party fails to produce documents, the party seeking discovery may move for an order compelling an answer, designation, production, or inspection. See Fed. R. Civ. P. 37(a)(3)(B); see also Wright v. New Moda, L.L.C., 17-cv-9737 (JGK)(SN), 2019 WL 2071158, at *3 (S.D.N.Y. May 10, 2019). If the requested documentation does not exist, the responding party's good-faith averment will resolve the issue of the failure of production. Menard v. Chrysler Grp. LLC, 14-cv-6325 (VB), 2015 WL 5472724, at *3 (S.D.N.Y. July 2, 2015).

### C. Standard for Objections

"A party resisting discovery has the burden of showing 'specifically how, despite the broad and liberal construction afforded the federal discovery rules, each interrogatory is not relevant or how each question is overly broad, burdensome or oppressive . . . by submitting affidavits or offering evidence revealing the nature of the burden.'" Pegoraro v. Marrero, 281 F.R.D. 122, 128 (S.D.N.Y. 2012) (quoting Compagnie Francaise d'Assurance Pour le Commerce Exterieur v. Phillips Petroleum Co., 105 F.R.D. 16, 42 (S.D.N.Y. 1984) (citation omitted)). "The grounds for objecting to any interrogatory must be stated with specificity. Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." Fed. R. Civ. P. 33(b)(4). "General and conclusory objections as to relevance, overbreadth, or burden are insufficient to exclude discovery of requested information." Melendez v. Greiner, 01-cv-7888 (SAS)(DF), 2003 WL 22434101, at *1 (S.D.N.Y. Oct. 23, 2003). Boilerplate objections that include unsubstantiated claims of undue burden, overbreadth and lack of relevancy, accompanied by a lack of document production or interrogatory responses, "are a paradigm of discovery abuse." Jacoby v. Hartford Life & Accident Ins. Co., 254 F.R.D. 477, 478 (S.D.N.Y. 2009).

## II. Defendant's Motion for a Protective Order

Defendant seeks a protective order in response to Interrogatory Nos. 10 and 11, seeking "all retaliation complaints made against Rivera and [Defendant];" Document Request No. 27, seeking "retaliation complaints or charges, whether formal or informal, made by any person against Rivera and/or [Defendant];" and Document Requests Nos. 28 and 29, seeking "[a]ll Documents relating to any litigation – pending, threatened, or completed – concerning . . . retaliation raised by any person against either Rivera and/or [Defendant]." See ECF No. 33. Defendant argues that whether other employees filed claims of retaliation against Defendant is not relevant to this case, in which Plaintiff does not allege retaliation. Plaintiff argues that he is entitled to information about any retaliation claims against Defendant because they are relevant to claims of discrimination against the Defendant.

Other claims of discrimination against a defendant are discoverable if limited to the same form of discrimination. See Vuona v. Merrill Lynch & Co., 10-cv-6529 (PAE), 2011 WL 5553709, at *7 (S.D.N.Y. Nov. 15, 2011). Other claims of discrimination, in this context, refers to discrimination based on the same protected characteristic. See id. (holding that plaintiff claiming gender discrimination was entitled to discover other claims of gender discrimination but not entitled to "non-gender-based complaints"); Bolia v. Mercury Print Prods., Inc., 02-cv-6510T (MWP), 2004 WL 2526407, at *2 (W.D.N.Y. Oct. 28, 2004) (holding that plaintiff was entitled only to "general discovery . . . relating to discrimination claims" based on "age or disability" because those types of claims were at issue in the case). The ADA prohibits retaliation against an individual who has "opposed any act or practice made unlawful under the ADA." 42 U.S.C. § 12203. Although Plaintiff does not claim retaliation, whether other employees have been retaliated against in connecting with disability discrimination is relevant to Plaintiff's claims. If a

5

pattern of discrimination exists, it may show that Defendant's proffered reasons for its decision regarding Plaintiff is pretextual. See Moll v. Telesector Res. Grp., Inc., 760 F.3d 198, 204 (2d Cir. 2014) ("Evidence relating to company-wide practices may reveal patterns of discrimination against a group of employees, increasing the likelihood that an employer's offered explanation for an employment decision regarding a particular individual masks a discriminatory motive.") (quoting Hollander v. Am. Cyanamid Co., 895 F.2d 80, 84 (2d Cir. 1990)). To the extent Plaintiff seeks the identification of other claims of retaliation, he is entitled to the identification of claims of retaliation based on allegations of disability discrimination only. Defendant's request for a protective order is DENIED in part and Defendant is directed to respond to Interrogatories Nos. 10, 11 and Document Requests 27-29 to the extent based on disability discrimination and filed within the past three years. Defendant's request is GRANTED in all other respects.

### III. Plaintiff's Motion to Compel

Plaintiff seeks additional responses to four Interrogatories (Nos. 6, 13, 19, 20) and seven requests for document production (Request Nos. 3, 4, 17, 19, 20, 21, 22). See ECF No. 35.

#### A. Interrogatories

First, Plaintiff moves to compel Defendant to identify "each employee Defendant terminated during the Relevant Time Period" (Interrogatory No. 6). Plaintiff contends that other employees may be his comparators and whether Defendant terminated other disabled employees is relevant. Defendant claims that the Interrogatory is overbroad and vague, seeks disclosure of personal and private information concerning employees other than Plaintiff for a period of time that pre-dates and post-dates Plaintiff's employment, and "constitutes an overbroad fishing expedition" for irrelevant information. To the extent Plaintiff seeks information about other

disabled employees who were disciplined or terminated for the same or similar reasons as him, this information is likely relevant to Plaintiff's claims. Interrogatory No. 6, however, is not written to achieve the discovery of that information in reasonable manner. The request is overbroad, and to the extent it seeks relevant information, such information will be provided in response to Plaintiff's other interrogatories about discrimination claims. Plaintiff's request regarding Interrogatory No. 6 is DENIED.

Second, Plaintiff moves to compel Defendant to identify "all documents concerning the interactive process that [Defendant] engaged in during the Relevant Time Period concerning Plaintiff" (Interrogatory No. 13). Defendant opposes on the grounds that the request seeks "information that pre-dates and post-dates Plaintiff's employment … is not relevant to any claims or defenses … constitutes an overly broad fishing expedition … [and] is vague and incomprehensible . . .." This request is specifically related to Plaintiff's claim that Defendants did not engage in the requisite interactive process with him. Defendant has not met its burden of demonstrating that the requested discovery is overly broad, or offered any specific objection to the request. If Defendant cannot identify any documents concerning the interactive process between Defendant and Plaintiff, Defendant must state so. Plaintiff's request regarding Interrogatory No. 13 is GRANTED.

Third, Plaintiff moves to compel Defendant to identify "any documents concerning any complaints about Plaintiff's work performance" (Interrogatory No. 19). Defendant responds by directing Plaintiff to 13 documents, already produced and identified by Bates numbers. Plaintiff's response is that these documents are non-responsive. To the extent there are additional documents concerning complaints about Plaintiff's work performance, Defendant is to identify

them. Defendant also must indicate whether all documents responsive to the Interrogatory have been identified. Plaintiff's request regarding Interrogatory No. 19 is GRANTED.

Finally, Plaintiff moves to compel Defendant to identify "all persons [Defendant] offered to demote to avoid terminating them" (Interrogatory No. 20). Defendant objects on the grounds that this request is "incomprehensible, not relevant to any claim or defense in this litigation, irrelevant as it seeks information concerning employees other than Plaintiff, and requires the adoption of the disputed assumption that Defendant offered to demote employees to avoid terminating them . . .." Whether Defendant took similar adverse employment action against other individuals similarly situated to Plaintiff is relevant. Plaintiff is entitled to know the identity of other employees during the relevant time period who were offered a demotion to avoid termination. Plaintiff's request is GRANTED and the Court directs Defendant to respond to Interrogatory No. 20.

### B. Document Requests

#### 1. Work Performance Assessments

Plaintiff seeks "[a]ll appraisals or assessments of Plaintiff's work performance" (Request No. 3), "[a]ll draft appraisals or assessments of Plaintiff's work performance" (Request No. 4), "a copy of all communications with or about Plaintiff' that concern Plaintiff's work performance" (Request No. 19), and "[a]ll [d]ocuments concerning any complaints about Plaintiff's work performance" (Request No. 21).

Defendant objects to each on the grounds that these requests are duplicative. I do not find the requests duplicative, although they are undoubtedly similar in nature. For each of these requests, Defendant also refers Plaintiff to documents previously produced. As discussed in this Order, and as stated at the conference dated December 13, 2019, this is not a complete response.

To the extent there are additional documents, other than those produced to date, responsive to the requests, Defendant should produce them. If no other responsive documents exist, Defendant must indicate as much. Finally, Defendant argues that Request Nos. 19 and 21 are "overbroad" because they seek "all" communications (Request No. 19) and "all" documents (Request No. 21). These requests are not overbroad. Defendant has made no specific showing that producing "all" documents responsive to these relevant requests would be overly burdensome. Plaintiff's motions regarding Request Nos. 3, 4, 19, and 21 are GRANTED.

### 2. Discipline Records

Plaintiff seeks "Each Document that concerns any Discipline imposed upon Plaintiff" (request No. 17). Defendant objects on the grounds that this request is "unduly burdensome," that the definition of the term "discipline" is overbroad, vague, and contradictory, and that the request is duplicative of Request Nos. 3, 4, 12, 15, 19, and 21. I find each of these objections without merit. Defendant offers no more than conclusory reasons why this request is improper, and has made no specific showing that the request would be overly burdensome, as is required to defeat a motion to compel. Plaintiff's motion regarding Request No. 17 is GRANTED.

### 3. Interactive Process Documents

Plaintiff argues that he is entitled to "All Documents concerning the interactive process that [Defendant] engaged in during the Relevant Time Period concerning Plaintiff" (Request No. 20). Defendant objects on the grounds that this request is "incomprehensible and vague and overbroad as is seeks 'All Documents,'" and refers to several documents already produced. Plaintiff states that the identified documents are not responsive.

Plaintiff is entitled to all documents concerning the interactive process for the reasons discussed above in connection with Interrogatory No. 13. Defendant merely repeats its

standardized objections in response to this request and does not make the requisite specific showing that production of these documents would be unduly burdensome. If no other responsive documents exist, Defendant must indicate as much. Plaintiff's motion regarding Request No. 20 is GRANTED.

### 4. Personnel Files for Plaintiff's Replacement(s)

Plaintiff finally argues that he is entitled to the personnel files of any individuals who replaced him (Request No. 22). Defendant objects on the grounds that the request is overbroad, not relevant and vague. This is an unsupported position; Plaintiff is entitled to the personnel file of any of his replacements. See Go v. Rockefeller Univ., 280 F.R.D. 165, 178 (S.D.N.Y. 2012). Defendant indicates that notwithstanding its objections, it is "in the process of compiling . . . and redacting private information from these files." Defendant has not justified redactions of the information of individual replacement employees. Accordingly, the responsive documents are to be produced to Plaintiff's counsel. Defendant may designate these documents confidential and redact any sensitive information, such as social security numbers, contained therein. Plaintiff's counsel is directed to comply with the following orders: Plaintiff's counsel may show or disclose the documents' contents only to other employees of his law firm, to Plaintiff, and to trial witnesses and consultants, and only to the extent necessary for trial preparation. The individuals to whom the documents' contents are disclosed are also prohibited from using that information for any purpose other than trial preparation. Plaintiff's counsel is to maintain physical custody of the documents, as well as of all copies, and is to utilize them solely for purposes of this litigation. Moreover, all such confidential documents and all copies are to be returned to Defendant's counsel at the conclusion of the litigation. Plaintiff's motions regarding Request No. 22 is GRANTED subject to the directives herein.

## CONCLUSION

Defendant's motion for a protective order is GRANTED in part and DENIED in part, and Plaintiff's motion to compel is GRANTED in part and DENIED in part. Defendant is directed to provide Plaintiff with supplemental responses that comply with this Order within 10 days. The Court, in the exercise of discretion, will not impose sanctions on Defendant for necessitating Plaintiff's motion, despite the fact that Defendant's positions for refusing to comply with Plaintiff's routine discovery demands were not substantially justified in this case, as the Court strongly implied during the conference held December 13, 2019.

Additionally, at the upcoming discovery conference scheduled below, the Court will address, among other issues, Defendant's refusal to produce fact witnesses for depositions. The Court notes in advance of that conference that Defendant should be making every effort to cooperate in producing fact witnesses for depositions. If Defendant does not intend to produce such witnesses, it must immediately provide contact information so that Plaintiff may subpoena them.

Finally, the Court hereby enters the following schedule:

(1) A discovery conference to address the issues raised in Plaintiff's February 6, 2020 Letter is scheduled for Tuesday, February 25, 2020, at 4:00 p.m. in Courtroom 219, Thurgood Marshall Courthouse, 40 Foley Square, New York, New York. If this date is unavailable for any party, they must contact Courtroom Deputy Rachel Slusher immediately at (212) 805-0286.

(2) All discovery in this case shall close March 20, 2020.

(3) Any party that wishes to move for summary judgment shall do so by April 17, 2020.

The Clerk of Court is respectfully directed to terminate the motions at Docket Nos. 33 and 35.

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

DATED:   February 14, 2020
         New York, New York